IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Union de Periodistas, Artes Graficas y
Ramas Anexas

    Plaintiff

    v.

The San Juan Star Company

    Defendant

Civil No. 10-1679 (SEC)

**OPINION and ORDER**

Pending before this Court is Plaintiff Union de Periodistas, Artes Graficas y Ramas Anexas' motion requesting summons by publication pursuant to Puerto Rico Rule of Civil Procedure 4.6. P.R. Laws Ann. tit. 32, Ap. III. Attached to said motion, Plaintiff provides sworn statements from two process servers, detailing their fruitless efforts to serve process upon Defendant. See Docket # 10-2 & 3. Upon reviewing the filings and the applicable law, Plaintiff's motion is **DENIED.**

**Applicable Law and Analysis**

When service of process is attempted pursuant to a procedural rule of Puerto Rico, this Court is bound by the interpretations of that rule by the Supreme Court of Puerto Rico. Culebra Conservation & Dev. Authority v. Wit Power II, 108 F.R.D. 349, 352 (D.P.R. 1985). The Supreme Court of Puerto Rico has "insisted upon strict compliance with the requirements for service outlined in the Puerto Rico Rules of Civil Procedure, notably, Rule 4.5." Culebra Conservation, 108 F.R.D. at 352. Rule 4.6, in turn, provides that service if process upon unknown defendants shall be made by publication as established by Rule 4.5.

Pursuant to Rule 4.5, a court shall issue an order providing for service by publication when process is to be served on a person who may be in Puerto Rico but who cannot be located

**CIVIL NO.10-1679 (SEC)**                                                                                           Page 2

although attempts have been made to locate him or when the person goes into hiding to avoid being served with process. This, however, requires that the plaintiff prove to the satisfaction of the court "in an affidavit stating the steps taken, and provided that said statement or the verified complaint filed states a claim justifying the granting of some relief against the person to be served or that the person to be served is a proper party to the action." Thus the affidavit must set forth specific probative facts showing that due diligence has been employed to locate defendants, and said statement, or the verified complaint, must properly show that plaintiff has a good cause of action. Senior Loiza Corp. v. Vento Dev. Corp., 760 F.2d 20, 24 (1st Cir. 1985) (finding that affidavit where the plaintiff specifically referred to the complaint and incorporated the factual allegations was sufficient under Rule 4.5). "The strictness of the[se] requirement[s] is based on the fact that service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant -- publication -- that is quite likely to go unobserved." Id. Insofar as "Rule 4.5 sets out the exclusive method through which a court may obtain jurisdiction over a party solely by way of publication ...any significant failure to comply with its requirements will cause the nullity of the judgment." Senior Loiza Corporation, 760 F.2d at 24; see also Culebra Conservation, 108 F.R.D. at 352.

      This Court first notes that the First Circuit has rejected the proposition that a complaint is effectively verified when it is signed by counsel pursuant to Rule 11. See Hospital Mortgage Group, Inc. v. Parque Industrial Rio Canas, Inc., 653 F.2d 54, 56 (1st Cir. 1981). Therein, the Court noted that "if every complaint signed by counsel is effectively verified, verified complaints have significance only in *pro se* cases, and the requirement of an affidavit of merit under Rule 4.5 is eliminated whenever a plaintiff is represented by counsel." Hospital, 653 F.3d at 57. Insofar as "[t]he Supreme Court of Puerto Rico has not read Rule 4.5 in that way," the

**CIVIL NO.10-1679 (SEC)**                                                                 Page 3

Court held that plaintiff did not comply with Rule 4.5 through his counsel's signing the complaint.

In the present case, although Plaintiff submitted affidavits by the process servers, they did not file a verified complaint or accompanied the motion for service by publication with an affidavit setting forth factual allegations that justifies that they are entitled to some relief. In light of the applicable case law, this defect disallows this Court to issue a summons by publication until Plaintiff complies with Rule 4.5's clear mandate.

**Conclusion**

Based on the foregoing, Plaintiff's motion is **DENIED.** Plaintiff shall refile the same in compliance with Rule 4.5 of the Puerto Rico Rules of Civil Procedure.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of January, 2011.

                         s/*Salvador E. Casellas*
                         Salvador E. Casellas
                         U.S. Senior District Judge